# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

KIMBERLY KHAMISI,
    Petitioner,

vs.

SHERIFF JIM NEIL,
    Respondent.

Case No. 1:20-cv-285

Black, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Petitioner, currently on judicial release, has filed a petition for a writ of habeas corpus (Doc. 1) in this Court. This matter is before the Court on the petition and various motions filed by the parties. For the reasons stated below, the Court finds that (1) the petition is a mixed petition and should be stayed to allow petitioner the opportunity to exhaust her unexhausted claims, and (2) the various motions should be denied.

## I. MOTIONS

The following motions are before the Court: respondent's Motion to Dismiss (Doc. 12); petitioner's Motion for Release from Unauthorized Restraining of My Liberty (Doc. 14); respondent's Motion to Strike Petitioner's Judicial Notice Concerning Petition for Writ of Habeas Corpus, Objection to Respondent's Dismissal, and Motion for Release (Doc. 16); petitioner's Motion to Strike Respondent's Reply in Support of Its Motion to Dismiss and Second Response (Doc. 17); petitioner's Motion and Order to Vacate the Void Judgment, per Respondent's Failure to Comply with this Court's Order (Doc. 20); and petitioner's Objection to Unfiled Documents and Improper Respondent, Motion to Vacate Void Judgment, Motion of Contempt, Order of Release, and Memorandum in Support (Doc. 28).[1]

---

[1] Petitioner has also filed a Motion to Object to the Order Extending a 60 Day Extension for Respondent to Comply with the Court's Order (Doc. 19) and an Objection, in Part, to the Order and Memorandum in Support (Doc. 26). To the extent petitioner clarifies her claims in document 26, the Court acknowledges petitioner's clarifications. However, to the extent these submissions contain, respectively, objections to the Court's November 25, 2020 and May

A.  **Respondent's Motion to Dismiss (Doc. 12)**

Respondent has filed a motion to dismiss, arguing in relevant part that the Hamilton County Sheriff was not the proper respondent. Respondent instead identified the Hamilton County Probation Department as a proper respondent. (Doc. 12, at PageID 49). As the Court previously noted (Doc. 18, at PageID 76), the Court finds the petition sufficient to identify the Hamilton County Probation Department as a respondent to the action. (*See* Doc. 1, at PageID 1). Because respondent has not demonstrated that dismissal is appropriate on the basis that petitioner has failed to identify the proper respondent, the motion to dismiss (Doc. 12) should be **DENIED.**

B.  **Petitioner's Motions for Release (Docs. 14, 20, 28)**

In documents 14, 20, and 28, petitioner seeks release from custody based on respondent's alleged failure to respond to her petition for habeas corpus relief. In document 28, petitioner also seeks to hold respondent in contempt for failing to respond.

In response to the Court's Orders (*see* Docs. 18, 21, 25), respondent has filed a notice of filing State Court transcripts, briefs, and Orders (Doc. 22), an Answer to Petitioner's Emergency Petition for Writ of Habeas Corpus (Doc. 23), and a second notice of filing state court records (Doc. 27). In light of respondent's filings, petitioner's motions (Docs. 14, 20, and 28) do not serve as a basis for granting the relief petitioner seeks or to hold respondent in contempt and should be **DENIED.**

C.  **Motions to Strike (Docs. 16, 17)**

In document 16, respondent moves to strike petitioner's Notice Concerning Petition for Writ of Habeas Corpus Filing (Doc. 11), Objection to Respondent's Dismissal (Doc. 13), and Motion for Release from Unauthorized Restraining of My Liberty (Doc. 14). In document 17,

---

12, 2021 Orders (Docs. 18, 25), these submissions remain pending for consideration by the District Court. *See* Fed. R. Civ. P. 72(a).

petitioner moves to strike respondent's Reply in Support of Its Motion to Dismiss (Doc. 15) and respondent's Motion to Strike (Doc. 16).

The Sixth Circuit has indicated "a strong preference" for cases to be decided on the merits. *Shepard Claims Serv., Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 193-94 (6th Cir. 1986). In light of the Sixth Circuit's strong preference to resolve cases on the merits, the parties' motions to strike (Docs. 16, 17) are not well-taken and should be **DENIED.**

Accordingly, for the reasons stated above, the pending motions to strike in this case (Docs. 12, 14, 16, 17, 20, 28) should be **DENIED**.

## II.  THE PETITION

On June 29, 2018, following a jury trial, petitioner was convicted of three counts each of tampering with records, theft, and unauthorized use of property. Petitioner was sentenced to a total aggregate sentence of three years in the Ohio Department of Corrections. (Doc. 27-2 at PageID 2348). Petitioner filed a motion for judicial release in the trial court. (Doc. 27-3). On January 11, 2019, the trial court granted the motion and placed petitioner on community control for a period of five years. (Doc. 27-5, at PageID 2354). The entry included the following special conditions:

> (1)   Defendant shall not enter on the premises of which she is not the titled owner as determined by the Hamilton County Auditor unless the owner is present or she obtained a written consent from the titled owner.
>
> (2)   Defendant <u>shall not</u> file any complaints, petitions, affidavits, or any other documents in any agency whether at federal, state or local level without the written consent of the probation department or the court and excludes, her appeal in this case or her federal case against Judge Ruehlman et.al.[]
>
> (3)   Restitution as determined by Probation Department, as established by the Court.

(Doc. 27-5, at PageID 2354-55).

In the instant federal habeas corpus action, petitioner asserts claims pertaining to her state-court criminal trial and convictions, as well as challenges to the constitutionality of her community-release conditions. (Doc. 1). The undersigned previously construed the petition to raise the following claims: that (1) the trial court lacked subject matter jurisdiction over petitioner's underlying criminal matter because petitioner was (a) arrested without a warrant or probable cause, (b) denied a preliminary hearing, and (c) denied adequate notice of the charges at issue; and (2) petitioner's community-release conditions are unconstitutional. Petitioner since has clarified her claims concerning the subject matter jurisdiction of the trial court. (*See* Doc. 26). As to her challenge to the imposed community-release conditions, petitioner has also clarified her claim to assert that "the conditions that were unlawfully imposed are interfering with my constitutionally protected rights to petition the courts, enter on to real property, register with any local, state, or federal agencies." (*Id.* at PageID 2331).

In respondent's return of writ, respondent argues, in part, that petitioner is barred from relief because petitioner failed to exhaust available administrative and state-court remedies. (*See* Doc. 23, at PageID 2305-06).

An application for a writ of habeas corpus by a state prisoner shall not be granted unless the petitioner has exhausted her state-court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect petitioner's rights. 28 U.S.C. § 2254(b)(1). A state defendant with federal constitutional claims is required to first fairly present those claims to the state courts for consideration because of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts. *See Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275–76 (1971).

Under the "fair presentation" requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," which, in Ohio, includes discretionary review in the Ohio Supreme Court. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99–100 (6th Cir. 1985).

If the petitioner fails to fairly present petitioner's claims through the requisite levels of state appellate review, but still has an avenue open to petitioner in the state courts by which petitioner may present the claims, petitioner's petition is subject to dismissal without prejudice for failure to exhaust state remedies. *See* 28 U.S.C. § 2254(c). Although the exhaustion requirement is not jurisdictional, and an application for a writ of habeas corpus may be denied on the merits notwithstanding the petitioner's failure to exhaust state remedies, *see* 28 U.S.C. § 2254(b)(2), there is a strong presumption in favor of requiring exhaustion of state remedies. *See Granberry v. Greer,* 481 U.S. 129, 131 (1987). A "mixed" petition containing both unexhausted claims and claims that have been fairly presented to the state courts is subject to dismissal without prejudice on exhaustion grounds. *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982).

Since the enactment in 1996 of the Antiterrorism and Effective Death Penalty Act (AEDPA), which "preserved *Lundy*'s total exhaustion requirement," but also imposed a one-year statute of limitations on the filing of federal habeas petitions, *Rhines v. Weber,* 544 U.S. 269, 275 (2005), some federal courts (including the Sixth Circuit) have adopted a "stay-and-abeyance" procedure to ensure habeas review is not precluded in the class of cases where a timely-filed federal habeas petition is dismissed on exhaustion grounds and petitioner subsequently returns to federal court to present petitioner's claims in a renewed petition after exhausting petitioner's state remedies only to find that petitioner's claims are barred from review by the one-year statute

of limitations set forth in 28 U.S.C. § 2244(d)(1). *See, e.g., Griffin v. Rogers,* 308 F.3d 647, 652 & n.1 (6th Cir. 2002); *Palmer v. Carlton,* 276 F.3d 777, 778–81 (6th Cir. 2002).

In *Rhines,* 544 U.S. at 276, the Supreme Court affirmed that district courts have the discretion to issue stays in habeas cases, but that such discretion is circumscribed to the extent it must "be compatible with AEDPA's purposes." The Court pointed out that one of the AEDPA's purposes is to "reduce delays in the execution of state and federal criminal sentences" based on the "well-recognized interest in the finality of state judgments." *Id.* (quoting *Woodford v. Garceau,* 538 U.S. 202, 206 (2003), and *Duncan v. Walker,* 533 U.S. 167, 179 (2001)). In addition, the AEDPA's statute of limitations tolling provision was intended to "reinforce[] the importance of *Lundy*'s "simple and clear instruction to potential litigants: before you bring any claims in federal court, be sure that you first have taken each one to state court." *Id.* at 276–77 (quoting *Lundy,* 455 U.S. at 520).

> The Court went on to determine that:
>
> Stay and abeyance, if employed too frequently, has the potential to undermine these twin purposes. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. . . .
>
> For these reasons, stay and abeyance should be available only in limited circumstances.

*Id.* at 277.

The Court held that stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," and that, "even if a petitioner had good cause for that failure," it would be an abuse of discretion for the court to grant a stay where the unexhausted claims "are plainly meritless" or

6

the "petitioner engages in abusive litigation tactics or intentional delay." *Id.* at 277–78. However, on the other hand, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for petitioner's failure to exhaust, petitioner's unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

In the absence of clear guidance from the Supreme Court, the federal courts have differed as to what constitutes "good cause" within the meaning of *Rhines*. *See, e.g., Williams v. Hurley,* No. 2:05-cv-985, 2006 WL 1650771, at *10–11 (S.D. Ohio June 6, 2006) (Report & Recommendation) (King, M.J.) (discussing the split in authority as to whether "cause standard of *Rhines* requires a lesser showing than that for procedural default" and whether ineffective assistance of counsel during state post-conviction proceedings may constitute "good cause for failure to exhaust claims in state proceedings"), *adopted,* 2006 WL 1804550 (S.D. Ohio June 28, 2006) (Holschuh, J.) (unpublished); *see also Tolliver v. Sheets,* No. 2:05-cv-1161, 2007 WL 2462650, at *17–18 (S.D. Ohio Aug. 27, 2007) (Smith, J.; King, M.J.) (unpublished).

In *Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005), the Supreme Court stated that a "petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file" a petition containing unexhausted claims in the federal court. Some courts have concluded that this statement in *Pace* supports a more expansive definition of good cause. *See, e.g., Tullis v. Kontah,* No. 2:06cv1025, 2007 WL 915197, at *5–6 (S.D. Ohio Mar. 26, 2007) (Graham, J.; King, M.J.) (unpublished) (citing Ninth Circuit decision in *Jackson v. Roe,* 425 F.3d 654, 661–62 (9th Cir. 2005), and *Baker v. Horn,* 383 F.Supp.2d 720, 747 (E.D. Pa. 2005)); *see also Hnatiuk v. Trombley,* No. 06-13880, 2008 WL 3305157, at *4 (E.D. Mich. Aug. 11, 2008) (unpublished) (quoting *Rhines v. Weber,* 408 F.Supp.2d 844, 849

7

(D.S.D. 2005) (on remand from Supreme Court's decision in *Rhines*)). In *Tullis,* after detailing the "broad and varied" split in authority, the Court concluded with the following quotation from *Riner v. Crawford,* 415 F.Supp.2d 1207, 1209–11 (D. Nev. 2006):

> [T]he discussions by the Pennsylvania court in *Baker* and the Ninth Circuit in *Jackson* support . . . [the] conclusion that the good cause standard applicable in consideration of a request for stay and abeyance of a federal habeas petition requires the petitioner to show that he was prevented from raising the claim, either by his own ignorance or confusion about the law or the status of his case, or by circumstances over which he had little or no control, such as the actions of counsel either in contravention of the petitioner's clearly expressed desire to raise the claim or when petitioner had no knowledge of the claim's existence.

*Tullis, supra,* 2007 WL 915197, at *6.

In this case, it appears that petitioner has exhausted her claims pertaining to her state-court criminal trial and convictions unrelated to her conditions of release by filing a direct appeal in the Ohio Court of Appeals and seeking review in the Ohio Supreme Court. (*See* Doc. 22-2, at PageID 2270-2294 (Ohio Court of Appeals Opinion affirming convictions); Doc. 22-3, at PageID 2295 (Ohio Supreme Court Entry declining further review)).[2] However, petitioner has not fairly presented her claims to the Ohio courts with respect to her conditions of release and appears still to have the availability of a delayed appeal.

On March 19, 2019, petitioner filed a petition for a writ of habeas corpus, through Jelani Khamisi, challenging petitioner's conditions of release in the Ohio Court of Appeals. However, on July 8, 2019, the Ohio Court of Appeals dismissed the action, explaining:

> On May 14, 2019, the court struck the petition because Jelani Khamisi is not an attorney and is therefore not permitted to file the habeas action on behalf of Kimberly Khamisi. We ordered Kimberly Khamisi to refile the petition with her

---

[2]The Ohio Court of Appeals consolidated the appeals of petitioner and codefendants Ayinde Khamisi, Jelani Khamisi, and Kaia Khamisi (Case Nos. C-180405, C-180424, C-180425, C-180426, C-180433, and C-180434). (*See* Doc. 22-2, at PageID 2271). Ayinde Khamisi and Kaia Khamisi also have habeas actions pending in this Court. *See Kaia Khamisi v. Sheriff Jim Neil*, No. 1:20-cv-00286 (S.D. Ohio); *Ayinde Khamisi v. Sheriff Jim Neil*, No. 1:20-cv-00287 (S.D. Ohio).

own signature by June 17, 2019. Kimberly Khamisi has not complied and has instead filed a petition under a new case number. Accordingly, the petition filed under this case number is dismissed.

*State ex rel Khamisi v. Sheriff Jim Neil,* Case No. C-1900202 (Entry of Dismissal).[3] On October 16, 2019, the Ohio Court of Appeals dismissed petitioner's second habeas corpus petition, explaining that habeas corpus relief was not available because petitioner "has adequate remedies at law through appeal or petition for postconvction relief." *Kimberly Khamisi v. Jim Neil, Hamilton County Sheriff*, Case No. C-1900362 (Entry Granting Motion to Dismiss Petition for Writ of Habeas Corpus).[4]

The undersigned recommends that the petition be stayed so that petitioner may attempt to exhaust her claims concerning the conditions of judicial release through a delayed appeal in the Ohio Court of Appeals and, in the event of an adverse judgment, through a subsequent appeal to the Ohio Supreme Court.[5] At this point in the proceedings, the Court cannot conclude that

---

[3]The Ohio Court of Appeals' Entries in Case Nos. C-1900202 and C-1900362, also referenced herein, were viewed at the Hamilton County Clerk of Courts website at http://www.courtclerk.org/.

[4]Petitioner did not appeal from the trial court's January 11, 2019 Entry granting her judicial release. (*See* Doc. 27-1). Furthermore, review of the Hamilton County Clerk of Court and Ohio Supreme Court online docket records (viewed at https://www.supremecourt.ohio.gov/Clerk/ecms/#/search and www.courtclerk.org) indicates that—with the exception of the two dismissed state appellate court habeas corpus petitions discussed herein—petitioner never sought clarification or challenged the conditions of judicial release in the Ohio courts. Although it appears that petitioner did file a habeas corpus petition in the Ohio Supreme Court following the dismissals of her state appellate court habeas corpus actions, the petition, which was dismissed by the Ohio Supreme Court, *see* Case No. 2020-0118 (viewed at https://www.supremecourt.ohio.gov/Clerk/ecms/#/search), does not mention petitioner's challenged community-release conditions. Additionally, given the Ohio Court of Appeals' earlier finding that habeas corpus was not an available remedy, petitioner's filing of a habeas corpus action in the Ohio Supreme Court could not have exhausted her claims pertaining to her community-release conditions in any event. This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

[5]Petitioner claims that she is unable to exhaust her claims due to the conditions of community release imposed on her by the trial court. (*See* Doc. 28, at PageID 2409). However, her conditions of release specifically exclude from limitation an appeal filed in her criminal case and, as noted herein, petitioner has filed several petitions for habeas corpus while on judicial release, including cases in the Ohio Court of Appeals, Ohio Supreme Court, and this federal court. Petitioner has demonstrated her ability to file pleadings and motions in these cases. The record before the Court otherwise includes no indication that petitioner has been denied the ability to file a delayed appeal from the trial court's January 11, 2019 Entry placing her on judicial release. Under these circumstances, there is no indication from the record before the Court that exhaustion of petitioner's state-court remedies would be futile.

9

petitioner's unexhausted claims are "plainly meritless" or that petitioner has engaged in abusive litigation tactics or intentional delay. *Rhines,* 544 U.S. at 277–78. Furthermore, if the Court were to dismiss the petition without prejudice instead of staying the case, any subsequent petition filed by petitioner raising the claims alleged here may be subject to dismissal on statute of limitations grounds.

Accordingly, in sum, after weighing the *Rhines* factors, for good cause shown, and out of concern that the dismissal of the petition at this juncture might unreasonably impair future federal review of any of petitioner's grounds for habeas corpus relief, it is **RECOMMENDED** that the instant proceedings be **STAYED** while petitioner is afforded the opportunity to fully exhaust her state court remedies. To ensure that judicial and administrative resources are conserved, it is **FURTHER RECOMMENDED** that the stay take the form of an administrative stay and that the case be terminated on the Court's active docket.

## IT IS THEREFORE RECOMMENDED THAT:

1. The motions before the Court (Docs. 12, 14, 16, 17, 20, 28) be **DENIED.**

2. The petition (Doc. 1) be administratively **STAYED** and **TERMINATED** on the Court's active docket pending petitioner's exhaustion of her Ohio remedies. The stay should be conditioned on petitioner's filing a motion to reinstate the case on this Court's active docket **within thirty (30) days** after fully exhausting her state court remedies through a delayed appeal in the Ohio Court of Appeals. Petitioner should be granted leave to reinstate the case on the Court's active docket when she has exhausted her Ohio remedies based on a showing that she has complied with the conditions of the stay.

3. A certificate of appealability should not issue under the standard set forth in *Slack v. McDaniel,* 529 U.S. 473, 484–85 (2000), which is applicable to this case involving a

recommended stay of the petition so that petitioner can exhaust available state-court remedies. *Cf. Porter v. White,* No. 01-CV-72798-DT, 2001 WL 902612, at *3 (E.D. Mich. Aug. 6, 2001) (unpublished) (citing *Henry v. Dep't of Corrections,* 197 F.3d 1361 (11th Cir. 1999) (pre-*Slack* case)) (certificate of appealability denied when case dismissed on exhaustion grounds). *See generally Carmichael v. White,* 163 F.3d 1044, 1045 (8th Cir. 1998); *Christy v. Horn,* 115 F.3d 201, 203–206 (3d Cir. 1997) (order staying habeas petition to allow exhaustion of state remedies is appealable collateral order). "Jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling that petitioner has failed to exhaust state-court remedies and that the case should be stayed (as opposed to dismissed without prejudice) pending exhaustion of such remedies.[6]

4. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

8/2/2021
Date

Karen L. Litkovitz
United States Magistrate Judge

---

[6]Because this Court finds the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated viable constitutional claims for relief in his habeas petition. *See Slack,* 529 U.S. at 484.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KIMBERLY KHAMISI,
    Petitioner,

vs.

SHERIFF JIM NEIL,
    Respondent.

Case No. 1:20-cv-285

Black, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).