UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| KIMBERLY KHAMISI,<br>    Petitioner, | Case No. 1:20-cv-285 |
| vs. | Black, J.<br>Litkovitz, M.J. |
| SHERIFF JIM NEIL,<br>    Respondent. | **SUPPLEMENTAL REPORT<br>AND RECOMMENDATION** |

On August 3, 2021, this Court issued a Report and Recommendation to stay and terminate on the Court's active docket petitioner's mixed habeas corpus petition pending exhaustion of her claims concerning the conditions of her judicial release through a delayed appeal to the Ohio Court of Appeals. (Doc. 29). *See* 28 U.S.C. § 2254(b)(1)(A) (generally requiring exhaustion of available state-court remedies); *see also Granberry v. Greer*, 481 U.S. 129, 131 (1987) (noting strong presumption in favor of requiring exhaustion of state remedies). Petitioner has since filed objections, reiterating her argument that exhaustion would be futile due to the conditions of her community release and stating, for the first time in this Court, that in 2019 her probation officer denied her permission to seek post-conviction relief. (Doc. 30, at PageID 2462). Having considered this new information, the Court finds no basis to alter its previous recommendation. (*See* Doc. 29, at PageID 2450-51).

As the Court noted in its Report and Recommendation, the challenged conditions of petitioner's community release specifically exclude from limitation an appeal filed in petitioner's criminal case, and petitioner has filed several petitions in the state and federal courts while on judicial release. (*See* Doc. 29, at PageID 2443, 2449, n.5). Further, on October 16, 2019, the Ohio Court of Appeals told petitioner that she "has adequate remedies at law through appeal[.]" (*See* Doc. 29, at PageID 2449). The alleged conversation petitioner now relies on to show futility occurred prior to the Ohio Court of Appeals' Entry (*see* Doc. 30, at PageID 2462, citing

to case dismissed on July 8, 2019) and does not alter the undersigned's finding that the record before the Court provides no indication that petitioner's conditions of judicial release prevent her from exhausting her claims through a delayed appeal.

Because petitioner has not shown that exhaustion of her state-court remedies would be futile, the Court should adopt the undersigned's August 3, 2021 Report and Recommendation (Doc. 29) in its entirety.

 8/23/2021
Date

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KIMBERLY KHAMISI,
    Petitioner,

vs.

SHERIFF JIM NEIL,
    Respondent.

Case No. 1:20-cv-285

Black, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).