**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| KIMBERLY KHAMISI, | : | Case No. 1:20-cv-285 |
| | : | |
| Petitioner, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | Magistrate Judge Karen L. Litkovitz |
| | : | |
| SHERIFF JIM NEIL, | : | |
| | : | |
| Respondent. | : | |

**DECISION AND ENTRY ADOPTING THE MAGISTRATE JUDGE'S**
**REPORTS AND RECOMMENDATIONS (Doc. 29, 31)**

This case is before the Court pursuant to the Order of General Reference to United States Magistrate Judge Karen L. Litkovitz. Pursuant to such reference, the Magistrate Judge reviewed the pleadings filed with this Court and, on August 3, 2021, submitted a Report and Recommendations (the "Report"). (Doc. 29). Petitioner submitted timely objections to the Report on August 16, 2021. (Doc. 30). The Magistrate Judge submitted a Supplemental Report and Recommendations (the "Supplemental Report") on August 23, 2021 after reviewing Petitioner's objections. (Doc. 31). On September 7, 2021, the date Petitioner's objections to the Supplemental Report were due, Petitioner instead filed a motion for extension of time to file her objections. (Doc. 32). This Court granted Petitioner's motion and extended the deadline for objections to September 21, 2021, however, to date, Petitioner has not filed any objections to the Supplemental Report.

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all

the filings in this matter. Upon consideration of the foregoing, the Court finds that the Report and Supplemental Report should be and are hereby adopted in their entirety.

The Magistrate Judge recommended administratively staying the petition to afford Petitioner the opportunity to exhaust her state court remedies. (Doc. 29). The Magistrate Judge determined that the petition was a mixed petition—that Petitioner has exhausted her state remedies for claims concerning her underlying conviction, but that she has not exhausted state remedies for her claims related to the conditions of her judicial release, such as through a delayed appeal. (*Id.*) Petitioner objects to this conclusion. (Doc. 29). The crux of Petitioner's objection to the Report is that she cannot exhaust state remedies based on her community control conditions, she was told she could not appeal her control conditions, and/or it would be futile to exhaust state remedies. (Doc. 30).[1]

However, as discussed by the Magistrate Judge, the record indicates that "Petitioner has demonstrated her ability to file pleadings and motions in these cases" before the Ohio Court of Appeals, the Ohio Supreme Court, and this federal court. (Doc. 29 at 9, n.5). Thus, based on the record, it appears that Petitioner can seek state remedies on her community control condition claims notwithstanding those same conditions and there is nothing before the Court to suggest that seeking such remedies would be futile. Moreover, this Court reiterates that this case is stayed for good cause, rather than dismissed for failing to exhaust state remedies, which dismissal is often appropriate when a petitioner fails to exhaust state remedies. (*See* Doc. 29 at 5–8 (discussing dismissal

---

[1] Petitioner does not cite to any portion of the state court record to support these assertions.

2

versus stay and abeyance)). Accordingly, Petitioner's objection (Doc. 30) is not well taken and **overruled**.

Also before the Court are two other objections filed by Petitioner. (Docs. 19, 26). First, Petitioner objects to the Magistrate Judge's Order, directing Respondent to answer her petition. (Doc. 18). Petitioner objected, arguing that the continued delay in her case was causing her irreparable harm. (Doc. 19). This objection is not well-taken.

In response to the petition, Respondent filed a motion to dismiss, contending that Petitioner had named the improper party. (Doc. 12). The Magistrate Judge, however, found that the petition was sufficient to identify the proper party. (Doc. 18). Ordering Respondent to answer the petition, if anything, sped up Petitioner's case, rather than delay it by waiting for a final order on the motion to dismiss. Accordingly, this objection (Doc. 19) is **overruled**.

Petitioner also filed an "Objection, In Part, To the Order and Memorandum in Support." (Doc. 26). This is an objection to the Magistrate Judge's description of Petitioner's claims when ordering Respondent to file additional documents from the state-court record. (Doc. 25). Although titled as an "objection," the filing clarifies the nature of Petitioner's claims in this habeas petition. (Doc. 26). When submitting the Report and Supplemental Report, the Magistrate Judge considered Petitioner's claims, as clarified by her in this filing. Petitioner's "objection" (Doc. 26) is **overruled as moot**.

Accordingly:

1. The Report and Recommendations (Doc. 29) and the Supplemental Report and Recommendations (Doc. 31) are **ADOPTED** in their entirety.

3

2. Petitioner's objection (Doc. 30) to the Report is **OVERRULED**.

3. Petitioner's objection (Doc. 19) to the Magistrate Judge's Order granting Respondent 60 days to respond to the Petition is **OVERRULED**.

4. Petitioner's objection (Doc. 26) to the Magistrate Judge's description of her claims is **OVERRULED as moot**.

5. The motions before the Court (Docs. 12, 14, 16, 17, 20, 28) are **DENIED**.

6. The petition (Doc. 1) is administratively **STAYED** and **TERMINATED** on the Court's active docket pending Petitioner's exhaustion of her Ohio remedies. The stay is conditioned on Petitioner filing a motion to reinstate the case on this Court's active docket **within thirty (30) days** after fully exhausting her state court remedies through a delayed appeal in the Ohio Court of Appeals. Petitioner is granted leave to reinstate the case on the Court's active docket when she has exhausted her Ohio remedies based on a showing that she has complied with the conditions of this stay.

7. A certificate of appealability **SHALL** not issue under the standard set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000), which is applicable to this case involving a recommended stay of the petition so that Petitioner can exhaust available state-court remedies. *Cf. Porter v. White*, No. 01-CV-72798-DT, 2001 WL 902612, at *3 (E.D. Mich. Aug. 6, 2001) (unpublished) (citing *Henry v. Dep't of Corrections*, 197 F.3d 1361 (11th Cir. 1999) (pre-Slack case)) (certificate of appealability denied when case dismissed on exhaustion grounds). *See generally Carmichael v. White*, 163 F.3d 1044, 1045 (8th Cir. 1998); *Christy v. Horn*, 115 F.3d 201, 203–206 (3d Cir. 1997) (order staying habeas petition to allow exhaustion of state remedies is appealable collateral order). "Jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling that Petitioner has failed to exhaust state-court remedies and that the case should be stayed (as opposed to dismissed without prejudice) pending exhaustion of such remedies.

8. The Court **CERTIFIES** that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal of this Order would not be taken in good faith and **DENIES** Petitioner leave to appeal *in forma pauperis*. Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

**IT IS SO ORDERED.**

Date:  September 24, 2021                  *s/ Timothy S. Black*
                                                                                                                      Timothy S. Black
                                                                                                                      United States District Judge